IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Randall Robert Hedtke, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Secondary School Evolution Curriculum, | ) | Case No. 1:21-cv-067 |
| | ) | |
| Defendant. | ) | |

Plaintiff Randall Robert Hedtke ("Hedtke") initiated the above-entitled action pro se on March 30, 2021, with the submission of: (1) a complaint that named the "Secondary School Evolution Curriculum" as the defendant, and (2) a copy of a self-authored book titled "A Citizens Complaint - Darwinian Evolutionary Dogmatism in Public Education."  (Doc. Nos. 1, 2).

On April 5, 2021, after Hedtke had paid the civil filing fee, the Clerk's office filed the complaint electronically and the book conventionally.  (Id.).  It also issued a summons to Hedtke for service on defendant. (Doc. No. 4).

On April 14, 2022, Hedtke filed notice of his consent to the magistrate judge's exercise of jurisdiction.  (Doc. No. 6).  On November 22, 2021, noting that Hedtke had yet to file proof of service of the summons and complaint on defendant, the court issued an order directing Hedtke to show cause why this matter should not be dismissed for failure to comply with Rule 4(m) of the Federal Rules of Civil Procedure.  (Doc. No. 7).

On December 1, 2021 Hedtke filed what appeared to be the introduction to his self-authored book.  (Doc. No. 8).  Attached to this introduction was an "addendum to Statement of Claim" (Doc. 8-1), a statement regarding Hedtke's claimed damages (Doc. No. 8-2),  and what appeared at first

blush to be the first two pages of a proposed amended complaint. (Doc. No. 8-3). On December 14, 2021, Hedtke filed "[a]n addendum to the State of Claim regarding the secondary school origins curriculum." (Doc. No. 9). Construing these documents as a request for leave to file an amended complaint, the court issued an order on March 25, 2022, granting Hedtke leave to file an amended complaint. The order further provided:

> Hedtke shall have until April 15, 2022, to file an amended complaint that names all of the defendants he is endeavoring to sue, all of the claims is he is asserting and the basis for them, and a comprehensive request for relief. Hedtke cannot plead his case piecemeal.
> Upon filing his amended complaint, the Clerk's office shall issue the appropriate summon(es). Hedtke will thereafter have 30 day to effectuate service on the defendant(s) named in his amended complaint. A failure by Hedtke to file an amended complaint by April 15, 2022, will be construed as his intent to stand on his original complaint, which, as the court explained in its order to show cause, is subject to dismissal for noncompliance with Fed. R. Civ. P. 4(m). Requests for additional time in which to file amended complaint will not be looked upon favorably.

(Doc. No. 10).

Hedtke's deadline for filing his amended complaint has now lapsed with no action taken by Hedtke.

Rule 4(c)(1) of the Federal Rules of Civil Procedure provides that the plaintiff bears the responsibility for serving the defendant with the summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). Fed. R. Civ. P. 4(m) establishes the time frame in which service must be effectuated. Specifically, it provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against defendant or order that service be made within a specified time. But if plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

More than a year has now lapsed since the Clerk's office filed Hedtke's original complaint and issued a summons to him for service on defendant. The summons has not been returned executed and Hedtke has not otherwise filed proof of service on defendant. Moreover, Hedtke has not filed an amended complaint despite the being warned of the consequences should he fail to do so.

There is nothing in the record to evince that Hedtke served defendant within the 90-day window prescribed by rule, much less at any point since he initiated this action. And he has not shown good cause for his failure to do so. "This Court cannot ignore the requirement that a plaintiff effect proper service of process on a defendant." Otterness v. Andersen Windows Corp., No. 17-CV-4767 (WMW/TNL), 2018 WL 3687967, at *4 (D. Minn. June 7, 2018), report and recommendation adopted, No. 17-CV-4767 (WMW/TNL), 2018 WL 3677922 (D. Minn. Aug. 2, 2018) (internal quotation marked omitted). The March 25, 2022, order put Hedtke on notice that this action may be dismissed based on his failure to comply with Rule 4 of the Federal Rules of Civil Procedure. Hedtke's se status does not excuse his noncompliance. See Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002); see also Redding v. Hanlon, No. CIV 06-4575 DWF/RLE, 2008 WL 762078, at *7 (D. Minn. Mar. 19, 2008 ) (opining that a plaintiff's "status as a pro se litigant, along with his good faith attempt to comply with the Rules, will not excuse him from adhering to the procedural requirements for service of process." ). Consequently, the court **DISMISSES** the above-captioned action without prejudice for failure to comply with Fed. R. Civ. P. 4(m) and for failure to prosecute.

**IT IS SO ORDERED.**

Dated this 18th day of April, 2022.

/s/ Clare R. Hochhlater
Clare R. Hochhalter, Magistrate Judge
United States District Court